UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTELL JONES,

       Plaintiff,

v.

       Case No. 1:24-cv-1101

CHARLES STRICKLAND, et al.,

       HON. JANE M. BECKERING

       Defendants.

_____/

**OPINION AND ORDER**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff's claims arise out of a May 24, 2023 cell extraction and the events that followed.  On screening, this Court dismissed two Defendants and several claims with prejudice.  Defendants remaining in the case moved for summary judgment, arguing that Plaintiff's claims against them were not exhausted.  Plaintiff did not oppose the motion.  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending this Court grant the motion as to all claims except "the retaliation claim against Defendant [Charles] Strickland arising from the May 25, 2023 misconduct report issued to plaintiff for disobeying a direct order" (R&R, ECF No. 23 at PageID.208).  The matter is presently before the Court on Defendants' timely objections to the Report and Recommendation.  Plaintiff did not object to the Report and Recommendation.  In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to

which objections have been made.  The Court concludes that Defendants' objections have merit and will grant the motion for summary judgment, in its entirety.

Among other claims, Plaintiff alleged that he received three retaliatory tickets following the cell extraction, including one issued by Defendant Strickland, a corrections officer.  In their motion for summary judgment, the MDOC Defendants argued that Plaintiff did not exhaust any claims arising out of the three May 25, 2023 tickets because he refused to attend any of the misconduct hearings and thus waived the ability to contest the tickets as retaliatory (Defs. Br., ECF No. 18 at PageID.153).  The Magistrate Judge declined to grant summary judgment on this basis on the record before him, indicating that there was "no copy of the related misconduct hearing report which was scheduled for May 31, 2023" (R&R, ECF No. 23 at PageID.208).

Defendants indicate that the omission the Magistrate Judge highlighted was an oversight on their part (Defs. Obj., ECF No. 24 at PageID.212).  They attach the hearing report to their objections.  As Defendants aptly point out, whether Plaintiff exhausted his claim against Defendant Strickland is not an issue that was not previously raised to the Magistrate Judge; rather, Defendants seek to supplement the record to resolve the issue.  Plaintiff, who did not respond to the underlying motion, has likewise not responded to Defendants' objections, let alone their proposed supplement to the record.

Both the governing statute and the rule confirm that district courts have discretion to supplement the record developed by the magistrate judge with further evidence.  28 U.S.C. § 636(b)(1), which provides that "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," further states that "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Rule 72 similarly provides that "[t]he district judge

may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). *Cf. Muhammad v. Close*, 798 F. Supp. 2d 869, 875 (E.D. Mich. 2011) (surveying caselaw and concluding that "district courts have discretion to consider evidence first presented after a magistrate judge files a report, provided the evidence is furnished by the time objections to the report and recommendation are due"). Having reviewed the case circumstances at bar, the Court, in its discretion, will consider the report Defendants attach in support of their objections.

Turning then to the merits, the PLRA does not provide a uniform federal exhaustion standard; instead, the inmate's correctional institution defines the applicable procedural rules that the inmate must follow to exhaust his administrative remedies. *Lamb v. Kendrick*, 52 F.4th 286, 292 (6th Cir. 2022) (citing *Jones v. Bock*, 549 U.S. 199, 218 (2007)). In Michigan, to exhaust a retaliatory-misconduct claim, the prisoner must raise that claim in his misconduct hearing. *Lewis v. Greason*, No. 24-1306, 2025 WL 2901123, at *3 (6th Cir. May 7, 2025) (citing *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (citing MDOC Policy Directive 03.02.130 and MDOC Policy Directive 03.02.130, ¶ J.9 (providing that a decision in a misconduct hearing cannot be grieved)).

The hearing report that Defendants supply conclusively indicates that Plaintiff did not participate in any of the three hearings on the May 25, 2023 misconduct tickets. *See* ECF No. 24-1 at PageID.222 ("Prisoner Jones refused to participate in the hearing[] process when asked"); PageID.224 ("The prisoner was asked … if he wished to attend his misconduct hearing at 0725 and he replied 'no'"); and PageID.226 ("Prisoner Jones … refused to attend the Misconduct Hearing"). The Court determines that Defendants have sufficiently satisfied their evidentiary burden by demonstrating that Plaintiff, in failing to participate in the hearings, concomitantly failed

to raise the issue of retaliation during the hearings.  As the Magistrate Judge indicated, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" in resolving an unopposed motion for summary judgment (R&R, ECF No. 23 at PageID.203, quoting *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992)).  Rather, if the non-moving party fails to discharge its burden by "remaining silent," then "its opportunity is waived and its case wagered." *Guarino*, *supra*.  Therefore, the Court concludes that Defendants' objections have merit and will grant the motion for summary judgment as to Defendant Strickland.  As noted, there are no pending objections to the remainder of the Magistrate Judge's analysis or conclusion.

Given that this Opinion and Order resolves all pending claims, the Court will enter a corresponding Judgment.  *See* FED. R. CIV. P. 58.  Additionally, because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones*, 549 U.S. at 211–12.  Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 24) are GRANTED and that the Report and Recommendation of the Magistrate Judge (ECF No. 23) is APPROVED and ADOPTED as the Opinion of the Court, except as noted herein.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 17) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  February 24, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge

4